UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

07-22936
CIV - KING
MAGISTRATE JUDGE
GARBER

2007 NOV -9  AM 11: 20

CLARENCE
CLERK U.S. DIST. CT.
S.D. OF FL. - MIAMI

KATHLEEN DREXLER, individually and
on behalf of others similarly-situated,

Plaintiffs,

vs.                                                                 **COLLECTIVE ACTION**

ROYAL CARIBBEAN CRUISES Ltd.,

Defendant.

---

## COMPLAINT

### INTRODUCTION

1.  This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") to recover unpaid overtime compensation owed to Plaintiff Kathleen Drexler (hereinafter "Drexler" or "Plaintiff") and all others similarly-situated to her who were formerly or are currently employed as District Sales Managers by Defendant Royal Caribbean Cruises Ltd. (hereinafter "RCCL" or "Defendant").

### JURISDICTION

2.  This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act ("FLSA") (as amended), 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

### VENUE

3.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because RCCL maintains its principal place of business in Miami-Dade County within the Southern District of Florida.

1

## PARTIES

### The Representative Plaintiff

4. Kathleen Drexler (hereinafter "Drexler"), at all material times, is a citizen of the United States.

5. Drexler worked for RCCL in the role as a District Sales Manager from approximately January of 2000 until the time of her termination in or about March of 2006.

### DEFENDANT

7. RCCL is a foreign corporation duly licensed to do business in State of Florida and maintains an office within the jurisdiction of this Court in Miami, Miami-Dade County, Florida.

8. RCCL's principal place of business is 1050 Caribbean Way, Miami, Florida 33132 and RCCL's registered agent for service of process within the state of Florida is Bradley H. Stein, 1050 Caribbean Way, Miami, Florida 33132.

### FLSA COLLECTIVE ACTION ALLEGATIONS

9. At all times material herein, RCCL has been actively conducting business in the State of Florida and within the geographic area of this Court.

10. At all material times hereto, RCCL was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA.

11. RCCL is an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. § 203(a).

12. RCCL is subject to the requirements pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219.

13. During Drexler's employment at RCCL as a District Sales Manager, Drexler regularly worked in excess of forty (40) hours per week, without receiving the correct overtime compensation.

14. There are numerous persons similarly-situated to the Plaintiff who are or were employed as District Sales Managers during the "liability" period.

15. Drexler and the other similarly-situated employees are covered and/or have been covered by 29 U.S.C. § 207 of the FLSA. This provision requires employers to pay employees one-and-one half times their regular hourly rate for hours worked in excess of forty (40) per week.

16. Drexler alleges that RCCL misclassifies District Sales Managers as exempt employees, in violation of the FLSA's wage and hour provisions, and thus routinely denies employees like Drexler and those similarly-situated their statutory-mandated rights.

17. RCCL does not compensate its District Sales Managers at the rate of one and a half-times their regular rate for all the hours worked in excess of forty (40) per week.

18. RCCL's District Sales Manager positions are not positions involving work that falls within any exception of exemption to 29 U.S.C. § 213(a)(1) of the FLSA.

19. Drexler's responsibilities at RCCL did not permit her classification as exempt from the FLSA's overtime provisions. Drexler's and others similarly-situated main responsibilities were calling on travel agents to provide them with information pertaining to RCCL's products. Drexler never sold anything to the parties upon whom she called.

20. During the liability period, RCCL willfully and recklessly denied the correct compensation to all District Sales Managers who worked "off the clock." RCCL had actual and constructive knowledge that their District Sales Managers were being denied overtime for all of their "off the clock" hours in excess of forty (40) per week.

21. RCCL's managers, with the knowledge and the consent of corporate management, systemically violated the FLSA throughout the United States, with respect to failing to maintain accurate records of employees' time.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.* Brought by Plaintiffs on Behalf of Themselves And the FLSA Collective Plaintiffs)

22. Drexler, on behalf of herself and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

23. By its actions alleged above, RCCL willfully, knowingly and/or recklessly violated the provisions of the FLSA, which requires the correct overtime compensation calculation to non-exempt employees, 29 U.S.C. §§ 207.

24. As a result of the unlawful acts of the RCCL, Drexler and all persons similarly-situated have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs.

25. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

26. At all times material herein, Plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207. As a result, at all times material herein, Plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

27. 29 U.S.C. § 207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per work week. RCCL has violated, and continues to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to properly compensate Drexler and other persons working for the RCCL as District Sale Managers for their hours of work in excess of 40 hours per work week at a rate of not less than one and one-half times the regular rate, which should include bonuses and commissions, at which the Plaintiffs are employed.

28. As a result of the willful violations of the FLSA, overtime compensation has been unlawfully withheld by RCCL from Drexler and similarly situated persons for which the RCCL is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

29. The employment and work records for the Plaintiffs are in the exclusive possession, custody, and control of RCCL, and Plaintiffs are unable to state at this time the exact amount owing to each of them. RCCL is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the RCCL's liability can be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, Drexler and all employees similarly-situated who join in this action pray for this Court:

(a) To authorize the issuance of notice at earliest possible time to all RCCL's District Managers who were employed by the RCCL during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours in excess of forty (40) in week, during the Liability Period, but were not paid the correct overtime as required by the FLSA;

(b) Order a complete and accurate accounting of all the compensation to which the Drexler and all others who are similarly-situated are entitled;

(c) To declare that RCCL has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to the Drexler and persons similarly-situated;

(d) To declare that RCCL's violations of the FLSA were willful.

(e) Apply the doctrine of equitable tolling to toll the statute of limitations; and,

(f) To award Drexler, and other similarly situated current and former RCCL's District Sales Managers, damages for the amount of unpaid overtime compensation subject to proof at trial;

(g)  To award Drexler, and other similarly-situated current and former RCCL's District Sales Managers, liquidated damages for the amount of unpaid overtime compensation, including interest thereon, and penalties subject to proof at trial pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(h)  To make the same declarations and awards as prayed for in paragraphs (a)-(g) above who opt into this action pursuant to 29 U.S.C. § 216(b); and

(i)  To award Drexler, and other similarly-situated current and former RCCL's District Sales Managers, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

(j)  Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Respectfully submitted,

_____
Charles R. Lipcon
Fla. Bar No. 137942
LIPCON, MARGULIES & ALSINA, P.A.
One Biscayne Tower, Suite 2480
Two South Biscayne Boulevard
Miami, Florida 33131
(305) 373-3016 (Telephone)
(305) 373-6204 (Facsimile)

# APPENDIX A

## CONSENT TO BECOME PARTY PLAINTIFF IN WAGE CASE
### In Drexler v. Royal Caribbean Cruises Ltd.

By my signature below, I represent to the court that I have worked for Royal Caribbean Cruises Ltd. and that during this time Royal Caribbean Cruises Ltd. failed to properly compensate me for my overtime work. I authorize the filing and prosecution of an action in my name and on my behalf to recover wages and I designate the class representatives as my agents to make decisions concerning the litigation, the method and manner of conducting this litigation, and the entering of an agreement with Plaintiff's counsel concerning Attorneys' fees, costs, and all other matters pertaining to this lawsuit.

DATE: 11/07/2007

SIGNATURE

PRINT NAME: Kathleen A Drexler

STREET ADDRESS: 404 Knob Court

CITY, STATE, ZIP CODE: Franklin TN 37064

TELEPHONE NO.: 615-714-3993

SOCIAL SECURITY NO.: 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

### PLEASE RETURN THIS FORM TO:

Charles R. Lipcon
LIPCON, MARGULIES, & ALSINA, PA
One Biscayne Tower
Two South Biscayne Boulevard
Suite 2480
Miami, Florida 33131
Tel (305) 373-3016
Fax (305) 373-6205

Counsel for the Plaintiff

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**07-22936**

## I. (a) PLAINTIFFS
KATHLEEN DREXLER, individually and on behalf of others similarly situated

(b) County of Residence of First Listed Plaintiff: Williamson
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
LIPCON, MARGULIES & ALSINA, P.A.
One Biscayne Tower, Suite 2480
Two South Biscayne Boulevard
Miami, FL 33131

## DEFENDANTS
ROYAL CARIBBEAN CRUISES Ltd.

**CIV - KING**

County of Residence of First Listed Defendant: Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**MAGISTRATE JUDGE GARBER**

Attorneys (If Known)

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

DADE-07-22936-CV-KING-GARBER

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE                              DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause.(Do not cite jurisdictional statutes unless diversity): Failure to pay statutory overtime

LENGTH OF TRIAL via 10 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 11-7-07

FOR OFFICE USE ONLY
AMOUNT $350.00  RECEIPT # 969724
11/09/07